IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RICARDO BURGOS, )
 )  Case No. 22-1392
     Petitioner, pro se, )
 )  Honorable
v. )  United States District Judge
 )  Presiding.
WARDEN, F.C.I., Pekin, )
 )  Writ of Habeas Corpus, Pursuant
     Respondent. )  To Title 28 U.S.C. § 2241(c)(3)
 )

**WRIT OF HABEAS CORPUS, PURSUANT TO TITLE 28 U.S.C. § 2241(c)(3)
TO OPEN THE PORTAL OF THE SAVINGS CLAUSE UNDER TITLE
28 U.S.C. § 2255(e)**

COMES NOW, Petitioner, Ricardo Burgos, pro se, and respectfully files this Writ of Habeas Corpus, Pursuant to Title 28 U.S.C. § 2241(c)(3) to open the portal of the Savings Clause under Title 28 U.S.C. § 2255(e) to vacate Petitioner's misapplication of the Career Offender designation under U.S.S.G. § 4B1.1(a)(3).

Petitioner invokes the legal doctrine as proscribed under <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) in the proceedings. Also, in accordance with <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022).

**PROCEDURAL BACKROUND**

On March 10th, 2016, Petitioner was indicted in the Northern District of Illinois in connection with a seven count indictment. <u>United States v. Burgos</u>, 1:16-cr-00165-1 (2016). On October 26th, 2016, Petitioner filed a plea declaration in which Petitioner agreed to plead guilty to distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1)(Count One); and unlawful poss-

ession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1)(Count Seven).

On January 30th, 2018, Petitioner plead guilty and was sentenced to (188) months of imprisonment on Count One, and (120) months of imprisonment on Count Seven, both counts to run concurrently with each other. Petitioner was also sentenced to a (3) years term of supervised release on Counts (1) and (7) to also run concurrently with each other. Also, Petitioner was enhanced as a Career Offender pursuant to U.S.S.G. § 4B1.1(a)(3). Count(s) 2-6 were dismissed on the motion of the United States. United States v. Burgos, 1:16-cr-00165-1 (2016).

On February 8th, 2018, Petitioner filed a Notice of Appeal. On August 1st, 2018, Petitioner's court appointed counsel filed an Anders Brief pursuant to Anders v. California, 386 U.S. 738 (1967). Petitioner's court appointed counsel argued that Petitioner's Illinois' prior of **"Attempted"** Aggravated Robbery was a "crime of violence" and therefore, was lawfully designated a Career Offender pursuant to U.S.S.G. § 4B1.1(a)(3). On December 20th, 2018, the Seventh Circuit Court of Appeals granted Petitioner-Appellant's court appointed counsel's Anders Brief (motion to withdraw as counsel) and therefore dismissed Petitioner-Appellant's appeal. United States v. Burgos, No. 18-1284 (2018).

On November 5th, 2019, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28 U.S.C. § 2255. Petitioner argued that his Illinois' prior of **"Attempted"** Aggravated Robbery was not a "crime of violence" and therefore was unlawfully designated as a Career Offender pursuant to U.S.S.G. § 4B1.1(a)(3). On May 1st, 2020, the District Court denied Petitioner's 28 U.S.C. § 2255 Motion. The District Court also denied Certificate of Appealability. United States v. Burgos, No. 1:19-cv-07305 (2020).

On November 16th, 2020, Petitioner was allowed to file a Notice of Appeal

to the Seventh Circuit Court of Appeals but the Seventh Circuit affirmed the District Court's decision. See Burgos v. United States, No. 20-3382 (2021).

Petitioner, pro se, now files this Writ of Habeas Corpus, Pursuant to Title 28 U.S.C. § 2241(c)(3) to open the portal of the Savings Clause under Title 28 U.S.C. § 2255(e) to argue that "due to the new shift in the legal landscape in United States v. Taylor, 142 S. Ct. 2015 (2022), Petitioner's Illinois' prior offense of **'Attempted'** Aggravated Robbery is no longer a 'crime of violence' according to the recent decision in United States v. Taylor, 142 S. Ct. 2015 (2022) and therefore, Petitioner no longer qualifies as a Career Offender".

## LEGAL STANDARD

In order for Petitioner to open the portal of the Savings Clause in 28 U.S.C. § 2255(e), it requires him to establish the following In re Davenport, 147 F.3d 606, 609 (1998) factors: (1) the claim relies on a statutory - interpretation case, and not a constitutional case, so Petitioner could not have invoked it by means of a second successive § 2255 Motion; (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in the Petitioner's earlier proceedings; and (3) that the error is grave enough to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding, such as one resulting in a conviction for a crime of which he was innocent. See Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013).

As for the first prong of the Davenport requirements, Petitioner is relying on the new statutory - interpretation case of United States v. Taylor, 142 S. Ct. 2015 (2022). As to the second Davenport requirement, Petitioner could not have invoked Taylor in his first 28 U.S.C. § 2255 Motion because Taylor was decided a few years after Petitioner's initial § 2255 Motion and according to Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016), which held that "substantive

decisions . . . presumptly apply retroactively on collateral review", Taylor most certainly applies retroactively to Petitioner because Taylor is "new" as a functional and practical matter for federal inmates seeking relief from a misapplication of the Career Offender designation and because Taylor narrowed the range of statutes that qualify as "crimes of violence". As to the third Davenport requirement, there is no doubt that the instant issue involved is grave enough to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding. See Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013). Petitioner was given a higher sentence for the Career Offender designation when in fact, Petitioner no longer qualifies as a Career Offender due to the new Supreme Court decision in United States v. Taylor, 142 S. Ct. 2015 (2022).

### PRELIMINARY ARGUMENT

At sentencing on cocaine and firearms charges, Petitioner had been classified as a Career Offender under U.S. Sentencing Guidelines Manuel § 4B1.1(a)(3). Petitioner's classification as a Career Offender was imposed in violation of the law, was the result of an incorrect application of the guidlines, and was unreasonable. The District Court did err by applying the Career Offender guidelines as will be shown below.

A defendant is a Career Offender if (1) the defendant was at least 18 years of age at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for a crime of violence or controlled substance offense. U.S. Sentencing Guidelines Manuel § 4B1.1(a)(3).

The Career Offender Guideline defines "crime of violence" in the following way: (a) The term "crime of violence" means any offense under federal or State

-4-

law, punishable by imprisonment for a term exceeding one year, that - (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravating assault, a forcible sex offense, robbery, arson, extortion, or the use of unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).  U.S.S.G. § 4B1.2(a) (2016).

Petitioner's two prior qualifying offenses were an Illinois **"Attempted"** Aggravated Robbery (case number 06cr1943401) and an Illinois Aggravated Battery of a Police Officer (case number 11cr1029201). Petitioner concedes that his Illinois prior of Aggravated Battery to a Police Officer qualifies as a crime of violence, and is his only qualifying prior offense for the Career Offender enhancement.

But due to the intervening changes in the law in United States v. Taylor, 142 S. Ct. 2015 (2022), Petitioner's Illinois prior of **"Attempted"** Aggravated Robbery is no longer a "crime of violence". Therefore, Petitioner no longer qualifies for enhancement as a Career Offender under U.S.S.G. § 4B1.1(a)(3) as will be shown below.

The decision by the Supreme Court in Taylor is meaningful because it narrowed the range of statutes that qualify as a "crime of violence" for purposes of enhancement. In Taylor, the Supreme Court decided that an "Attempt" to commit a crime is not a crime of violence. Taylor, 142 S. Ct. at 2020. An Attempt to commit a crime requires "a substantial step", and although an attempt to commit a crime requires a "substantial step" which demands something more than "mere preparation", "unequivical" and "significant", though it "need not be violent". Taylor, 142 S. Ct. 2015, 2020 (2022).

Petitioner will show below that an Illinois Attempted Aggravated Robbery also requires "a stubstantial step" toward the commission of the offense though

"it need not be violent".

A.     **ARGUMENT**

**UNDER TAYLOR, ILLINOIS ATTEMPTED AGGRAVATED ROBBERY IS NO LONGER A CRIME OF VIOLENCE FOR PURPOSES OF CAREER OFFENDER ENHANCEMENT UNDER THE U.S.S.G. § 4B1.1(a)(3)**

In Taylor, the United States Supreme Court held that an "Attempt" charge does not qualify as a "crime of violence". The Supreme Court held that an "Attempt" requires that a defendant "complete a 'substantial step' toward the end," United States v. Taylor, 142 S. Ct. 2015, 2020 (2022), and whatever a "substantial step" requires, it does not require the government to prove that the defendant used, attempted to use, or threaten to use force against another person or his property. Id.

In Illinois, to be convicted of an "Attempt" charge, it also does not require the State to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property as will be shown below.

At the time of Petitioner's alleged Attempted Aggravated Robbery was committed, Illinois Attempt statute stated:

> (a) Elements of the offense.
> A person commits the offense of attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

(720 ILSC 5/8-4(a) (2006).

As the attempt statute makes clear, the offense has two elements: 1) the intent to commit a specific offense and 2) commission of an act which constitutes a substantial step toward the commission of that offense. People v. Terrell, 459 N.E.2d 1337, 1339 (Ill. 1984).

In People v. Terrell, 459 N.E.2d 1337, 1339 (Ill. 1984), the Illinois Supreme Court provided an in-depth analysis of Illinois attempt law and what evidence is sufficient to prove an attempt. In Terrell, the police responded to a tip that two armed men were hiding in an open lot behind a service station. Terrell, 459 N.E.2d at 1338-39. When the police arrived they saw a man that turned out to be the defendant crouched in weeds 20 to 30 feet behind the service station. The defendant ran when the police arrived, throwing down a gun that was later recovered. When the defendant was caught, he had a nylon stocking with a knot in the end in his pocket. Id. at 1339.

The defendant was charged with attempted armed robbery of the service station and unlawful use of a weapon, but only convicted of the attempted armed robbery charge. Id. at 1338. The sole issue before the Illinois Supreme Court was: "Whether the evidence presented is sufficient to establish the essential elements of the offense of attempted armed robbery." Id. The court found the evidence was sufficient to prove the defendant intended to commit armed robbery and took a substantial step toward the commission of armed robbery. Id. at 1339.

Turning to the facts of the case, the Illinois Supreme Court agreed with the appellate court that the defendant had engaged in several of the acts the Model Penal Code identified as potential substantial steps. Id. at 1342. Specifically, the court found the defendant: laid in wait, searching for or following the contemplated victim of the crime; reconnoitered the place contemplated for the commission of the crime, possessed materials to be employed in the commission of the crime, which were specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances; and possessed, collected or fabricated materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabricated served no lawful purpose of the actor under

the circumstances. Accordingly, the court found the defendant had taken a substantial step towards the commission of the armed robbery. Id.

An Illinois Attempt offense has only two elements, intent to commit a specific offense, and taking a substantial step towards the commission of the offense. Neither of those elements requires the use, attempted use, or threatened use of physical force against the person. No force is required at all. Accordingly, an Illinois Attempt to commit a crime of violence is not itself a violent felony, because an Attempt lacks the "force" element required by the "crime of violence" definition under U.S.S.G. § 4B1.1(a)(3).

The District Court committed plain error in sentencing Petitioner with an enhancement under the Career Offender designation because Petitioner's Illinois conviction under 720 ILCS 5/18-5(a) (Attempted Aggravated Robbery) was not a "crime of violence" predicate for purposes of enhancement under U.S.S.G. § 4B1.1(a)(3). The misapplication of the Career Offender designation affected Petitioner's substantial rights because the enhancement increased Petitioner's Guideline range. Petitioner's Guideline range with the Career Offender was 151 to 188 months. Petitioner's Guideline range should of only been no more than 84 months. The erroneous application of the Career Offender Guideline presents a cognizable non-constitutional claim for initial collateral relief because the error resulted in a miscarriage of justice.

**B.    PETITIONER'S PRIOR ILLINOIS CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE IS NOT A PREDICATE FELONY DRUG OFFENSE UNDER THE U.S.S.G. § 4B1.2(b)**

For purposes of Career Offender enhancement, defines a controlled substance offense as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the possession of a controlled subst-

-8-

ance (or counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense. U.S. Sentencing Guidelines Manuel § 4B1.2(b).

Where the statute is plain and intentional, the court's job is straightforward: the court compares the state statute to the federal recidivism statute at issue and asks only if the state law is the same as or narrower than the federal law.

The Seventh Circuit scrutinized Illinois simple possession statute (720 ILCS 570/402 in Najera-Rodriguez v. Barr, 926 F.3d 343 (7th Cir. 2019). The Seventh Circuit concluded that the cath-all provision in § 402(c) is not divisible, and that it includes controlled substances listed in Illinois' definition statute of (720 ILCS 570/204(d)) that are not included in the federal schedule of controlled substances under 21 U.S.C. § 802. Najera-Rodriguez at 347-48. Illinois § 402(c) is categorically broader than the federal definition of a felony drug offense. United States v. De La Torre, 940 F.3d 938, 949 (7th Cir. 2019). That means it is possible to violate Illinois' 402(c) without violating federal law.

Consequently, Petitioner's Illinois conviction under § 402(c) (case number 03cr257702) cannot support enhancement under the Career Offender for a conviction "relating to a controlled substance (as defined in section 802 of title 21)" under the U.S.S.G. § 4B1.2(b).

Therefore, without Petitioner's Attempted Aggravated Robbery and Petitioner's Illinois 402(c) conviction, Petitioner does not qualify for the Career Offender designation. Petitioner's only qualifying offense for the Career Offender designation is his Aggravated Battery to a police officer. But this one offense is not enough to be sentenced as a Career Offender. Petitioner's Career Offender designation is a miscarriage of justice.

## CONCLUSION

Wherefore, the conclusion is straightforward, Petitioner has met the burden of showing how an Illinois Attempted Aggravated Robbery is not a "crime of violence" and an Illinois 402(c) convcition cannot be a predicate for enhancement under the Career Offender designation of U.S.S.G. § 4B1.2(b). Therefore, the Petitioner is no longer a Career Offender due to the new change in law by the Supreme Court in United States v. Taylor, 142 S. Ct. 2015 (2022). Accordingly, the error is grave enough to be deemed a miscarriage of justice. Petitioner requests to be re-sentenced without the Career Offender enhancement.

Respectfully submitted,

*Ricardo Burgos, Pro Se*
RICARDO BURGOS, pro se,
# 51022-424
Federal Correctional Institution
P.O. Box# 5000
Pekin, Ill. 61555-5000
Date: 11 / 15 / 2022.

## CERTIFICATE OF SERVICE

Petitioner, Ricardo Burgos, pro se, hereby certifies under the penalty of purjury, 28 U.S.C. § 1746, that I have served opposing counsel of record a true and correct copy of the above and foregoing Petition at the office of the U.S. Attorney, For The Central District of Illinois, Peoria Division, 211 Fulton St., Suite# 400, Peoria, Ill. 61602, and another copy to the Clerk of the U.S. District Court, For The Central District of Illinois, Peoria Division, 100 NE Monroe Street, Peoria, Ill. 61602.

Which pursuant to Houston v. Lack, 487 U.S. 266 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the Court and service upon parties to this litigation.

I have placed the above referenced Petition in a properly sealed envelope with first-class postage affixed and I addressed it to the parties stated above and deposited said envelope via hand delivery to the mail room staff at the Federal Correctional Institution in Pekin, Illinois, on this _15_, day of the month of _November_, 2022.

Respectfully submitted,

_Ricardo Burgos, Pro Se_
RICARDO BURGOS, pro se,
# 51022-424
Federal Correctional Institution
P.O. Box# 5000
Pekin, Ill. 61555-5000